IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
2009 AUG 10 PM 2: 35

CLERK R.Aur
S.J. DIST. OF GA.

KENNETH WARREN COOPER, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV508-059
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis ("the ALJ" or "ALJ Davis") denying his claim for Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award of benefits in Plaintiff's favor, or, in the alternative, to remand this case for a new hearing. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for a Period of Disability and Disability Insurance Benefits on July 12, 2005, alleging that he became disabled on April 8, 2005, due to Reiter's disease. (Tr. at 96). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On October 17, 2007, ALJ Davis conducted a hearing at which Plaintiff, represented by counsel, appeared and testified. Kim Bennett, a vocational expert, also appeared and testified at this hearing. ALJ Davis found that Plaintiff was not disabled within the meaning of the Act. (Tr. at

AO 72A
(Rev. 8/82)

17). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 3).

Plaintiff, born on August 15, 1955, was fifty two (52) years old when ALJ Davis issued his decision. He has a general equivalency diploma ("GED"). (Tr. at 15). Plaintiff's past relevant work experience includes employment as a systems programmer and a chief technician.

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal

one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff did not engage in substantial gainful activity since April 8, 2005. (Tr. at 12). At Step Two, the ALJ determined that Plaintiff had degenerative disc disease of the cervical spine, Reiter's syndrome, major depressive disorder, post-traumatic stress disorder, and anxiety disorder, not otherwise specified, conditions considered "severe" under the Regulations. However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 13). The ALJ found that Plaintiff had the residual functional capacity to perform medium work with limited but satisfactory ability to: understand, remember, and carry out detailed instructions; deal with the public; interact with supervisors; maintain attention and concentration; perform activities within a schedule and maintain regular attendance; and complete a normal workday/workweek without interruption from psychologically based symptoms. (Id.). At the next step, ALJ Davis noted Plaintiff was unable to perform his past relevant work as a systems programmer, which is sedentary, skilled work; or as a chief technician, which is heavy, skilled work. (Tr. at 15). ALJ Davis found that, as of April 8, 2005, considering Plaintiff's age, education, work experience,

AO 72A
(Rev. 8/82)

3

and residual functional capacity, Plaintiff could make a successful adjustment to other work and could perform the following jobs which existed in significant numbers in the national economy: floor laborer, medium, unskilled work; kitchen helper, medium, unskilled work; and floor waxer, medium, unskilled work. (Tr. at 16).

## ISSUES PRESENTED

Plaintiff asserts the ALJ failed to weigh the medical evidence properly. Plaintiff also asserts that the ALJ did not properly evaluate his credibility.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or

Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Medical Evidence**

Plaintiff contends that there is no specific residual functional capacity assessment from any of Plaintiff's treating sources at the Veterans' Administration Medical Center ("VAMC"), even though the record consisted of progress notes from numerous treating sources at the VAMC and medical source opinions from consultative examiners. Plaintiff alleges that the ALJ gave some weight to his examining psychologist's opinion that Plaintiff was "challenged in getting along with others," would decompensate under stressful condition, and had a Global Assessment of Functioning of 45. (Pl.'s Br., p. 14). However, Plaintiff also alleges, ALJ Davis gave greater weight to the opinion of the State agency consultant, even though an examining source physician's opinion is generally entitled to greater weight than a non-examining source's opinion. Plaintiff asserts that ALJ Davis failed to give any reason for rejecting the opinion of the examining physician. Plaintiff also asserts that the ALJ erred in finding that Plaintiff could physically perform work at the medium exertional level by relying on the opinion of a non-examining physician, "who specifically indicated that there were no medical source opinions in the file." (Id. at 15). Plaintiff avers that the ALJ erred by rejecting the opinion of the examining physician based on the belief of the consultative physician that Plaintiff was a malingerer, despite there being no indication to support that belief. Plaintiff contends that the ALJ should have developed the record more fully

by obtaining the opinion from a treating source at the VAMC or clarifying the records of Dr. Farman. Plaintiff also contends that ALJ Davis failed to get a copy of his disability ratings, as decided by the Veterans' Administration ("VA"), or to even mention if any weight was given to the VA's disability determination.

Defendant asserts that substantial evidence of record supports the ALJ's determination of Plaintiff's residual functional capacity. Defendant also asserts that ALJ Davis considered all of the evidence of record, including Plaintiff's records from the VAMC, such as the records of Drs. Onkar Kaur and William Simmons, the consultative examination reports from Drs. Douglas Farman and Cheryl Kaiser-Ulrey, and functional assessments prepared by Drs. Allen Carter, Arthur Schiff, and Linda O'Neil. Defendant further asserts that ALJ Davis took all of Plaintiff's impairments and the functional limitations imposed by these impairments into consideration when determining Plaintiff's residual functional capacity. Defendant alleges that Plaintiff's contention that Dr. Kaiser-Ulrey's GAF score "suggested an inability to work" is not supported by this doctor's full report and is inconsistent with his VA treatment records which indicated a GAF of 60.

The "opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician." Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985). However, [a]lthough the opinion of a claimant's examining physician is accorded substantial weight, it is not necessarily dispositive on the issue of disability." Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987). "[T]he report of a non-examining doctor is accorded little weight if it contradicts an examining doctor's report; such a report, standing alone, cannot constitute substantial evidence. Edwards v. Sullivan, 937

AO 72A
(Rev. 8/82)

F.2d 580, 584 (11th Cir. 1991). However, if the report of the non-examining doctor is not contradictory to that of the examining doctor's, it is not error for the ALJ to rely on the non-examining doctor's report. See id. at 585.

In addition, "'[a]lthough the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight.'" Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (quoting Olson v. Schweiker, 663 F.2d 593, 597 n.4 (5th Cir. 1981)). Further, the ALJ has a duty to develop the record fully and fairly, Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997), and is required to order a consultative examination where necessary to make an informed decision. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order such an independent evaluation where the record is sufficient in and of itself and additional expert testimony is unnecessary. Wind v. Barnhart, 133 F. App'x 684, 693 (11th Cir. 2005).

ALJ Davis found Plaintiff had degenerative disc disease of the cervical spine, Reiter's syndrome, major depressive order, post-traumatic stress disorder, and anxiety disorder, not otherwise specified. ALJ Davis also found Plaintiff's mental impairments resulted in moderate restrictions of activities of daily living, difficulties in maintaining social functioning, and in maintaining concentration, persistence, or pace; and no episodes of decompensation. ALJ Davis reached these findings based on Plaintiff's medical records from the VA clinics, as well as from the State agency psychological consultant's assessment. (Tr. at 12, Exs. 1F, 3F). In determining Plaintiff's residual functional capacity, the ALJ "considered all symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical

evidence and other evidence[.]" (Tr. at 13). The ALJ noted that Plaintiff's medically determinable impairments reasonably could be expected to produce Plaintiff's symptoms, but he did not find Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms to be entirely credible. ALJ Davis specifically noted that Plaintiff's subjective allegations were not substantiated by the objective medical evidence of record. For example, ALJ Davis observed that x-rays of Plaintiff's cervical spine in August and October 2005 revealed only mild degenerative changes, as did radiographs of Plaintiff's lumbar spine, hips, and pelvis. The ALJ stated that, even though Plaintiff complained about worsening lower back pain with increased pain when turning over in bed or when arising from lying down, the objective findings were "essentially normal." (Id. at 14). ALJ Davis noted that Dr. Farman's examination of Plaintiff was essentially normal with the exception of some abnormal straight leg raising and some mildly decreased motor strength; however, Dr. Farman believed Plaintiff was capable of performing work at the light exertional level. The ALJ discounted Dr. Farman's conclusion that Plaintiff could perform work at the light exertional level because Dr. Farman suspected Plaintiff of malingering. Accordingly, ALJ Davis afforded greater weight to the State agency consultants, who determined Plaintiff could perform work at the medium exertional level. In addition, ALJ Davis observed that Dr. Kaiser-Ulrey's examination substantiated the belief that Plaintiff had moderate limitations due to his mental impairments. Nevertheless, the ALJ disregarded Dr. Kaiser-Ulrey's determination that Plaintiff had a GAF of 45, which suggested that Plaintiff had serious (rather than moderate) impairment in occupational or social

functioning. The ALJ decided that the opinion of the State agency psychological consultant's limitations were consistent with Plaintiff's residual functional capacity.

ALJ Davis gave weight to the opinions of Drs. Kaiser-Ulrey and Farman. ALJ Davis merely did not agree with Dr. Kaiser-Ulrey's determination that Plaintiff had a GAF of 45 or Dr. Farman's determination that Plaintiff had the ability to perform work at the light exertional level and implicitly found these determinations to be inconsistent with those doctor's examinations and the other evidence of record. In addition, it is apparent that ALJ Davis relied on Plaintiff's medical records from the VA clinics, as the ALJ's findings as to Plaintiff's physical impairments were derived from these records. (Tr. at 12, 14). ALJ Davis did not have to develop the record any further. Plaintiff had medical records, which were approximately 200 pages of 362-page transcript. In addition, the ALJ conducted a hearing, at which Plaintiff and a vocational expert testified. There was ample evidence of record from which ALJ Davis could render his determination. This assertion of error is without merit.

## II. Plaintiff's Credibility

Plaintiff contends ALJ Davis erred by not considering Plaintiff's daily activities, what he did to alleviate his symptoms, factors which aggravated his condition, and side effects of his medications. Plaintiff alleges that he is entitled to "enhanced credibility" in light of his exemplary work history. (Pl.'s Br., p. 21).

Defendant alleges that nothing in the record supports Plaintiff's testimony that he could only sit or stand for a few minutes at a time or that he had to lie down for an hour or more two or three times a day, as Plaintiff's medical records do not indicate he ever complained about this to his doctors.

If a plaintiff "testifies as to his subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir.1995)). "Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court." Id. (internal citation omitted). An ALJ's credibility determination need not "cite 'particular phrases or formulations'[,] but it cannot merely be a broad rejection which is 'not enough to enable [a reviewing court] to conclude that [the ALJ] considered [a plaintiff's] medical condition as a whole.'" Id. at 1210-11 (quoting Foote, 67 F.3d at 1561).

ALJ Davis noted that Plaintiff testified that he does not usually drive, is slow in dressing himself, does not cook for himself, does not shop, does not wash dishes but puts them in the dishwasher, does not do laundry, does not do yard work, and used to fish. ALJ Davis states that Plaintiff's testimony that he can only stand and sit for 10 minutes and must change positions constantly was inconsistent with his reports to the consultative examiners, Drs. Kaiser-Ulrey and Farman. (Tr. at 15). For example, the ALJ observed that Plaintiff reported to Dr. Kaiser-Ulrey that he "routinely passes time in an average day by feeding his animals and picking up the house." (Id.). The ALJ also observed that Plaintiff indicated to Dr. Kaiser-Ulrey that he cleans, cares for his animals, loads the dishwasher, puts clothes in the washer, occasionally fishes, and is able to perform grooming and self-care activities independently. ALJ Davis further observed that Plaintiff told Dr. Farman that he drives, mows the lawn with a riding mower, occasionally cooks and loads the dishwasher, fishes off a bridge down from his house,

AO 72A
(Rev. 8/82)

feeds 4 horses and 20 chickens, and watches television. ALJ Davis noted that Plaintiff's reported daily activities discredit his statements and testimony regarding his limitations and "clearly show that he is not as limited as he alleged." (Id.). In addition, and as noted above, ALJ Davis observed that Plaintiff's subjective complaints were not supported by the objective evidence of record.

ALJ Davis found that Plaintiff's testimony and allegations as to his limitations were contradicted by objective evidence of record and specifically found Plaintiff's testimony to be discredited as a result. This is sufficient to discredit a plaintiff's contentions under the law of this Circuit. The ALJ did not err in finding Plaintiff less than credible. Thus, this enumeration of error is without merit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of August, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE